MAXIMILIANO D. COUVILLIER III, ESQ.
Nevada Bar No.: 07661
KEVIN L. HERNANDEZ, ESQ.
Nevada Bar No.: 12594
**BLACK & LOBELLO**
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada 89135
Telephone: (702) 869-8801
Facsimile: (702) 869-2669
mcouvillier@blacklobellolaw.com
khernandez@blacklobellolaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD LEE JACKSON, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; OCWEN LOAN SERVICING, LLC a foreign limited liability company.; DOE Individuals I through X, inclusive, ROE Business Entities XI through XX, inclusive,<br><br>Defendants. | Case No.:<br><br><br>**COMPLAINT** |

Plaintiff, Donald Lee Jackson, Jr. ("Plaintiff"), by and through his attorneys of record, Maximiliano D. Couvillier III, Esq. and Kevin L. Hernandez, Esq. of the law firm of Black & LoBello, and for his claims for relief against Defendants, Experian Information Solutions, Inc. and Ocwen Loan Servicing, LLC ("Defendants"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada. Venue is also proper in this

District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. Plaintiff is an adult individual who resides in the State of Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

6. Upon information and belief, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d). Experian disburses said consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant Ocwen Loan Servicing, LLC ("Ocwen") is duly licensed to conduct business in the State of Nevada.

8. Upon information and belief, Defendant Ocwen is a furnisher of information as that term is defined by 15 U.S.C. § 1681, *et. seq.*

9. Individual Roe Defendants, Doe Defendants and Business Entities I through XX are fictitious names for unknown individuals, corporations, and/or their affiliates or subsidiaries whose names and identities are at this time unknown and who may have liability for some or all of the conduct alleged herein. At such time a discovery is made as to these individuals, corporations, and/or their affiliates, the same will be specifically named herein.

## FACTUAL ALLEGATIONS

10. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

11. On or about July of 2014, Plaintiff obtained a copy of his credit report and became aware that Ocwen's reporting contained inaccuracies and false information, including but not limited to:

- Experian incorrectly reports Plaintiff's Ocwen loan as "open" when the loan is "closed" and inactive.

12. Thereafter, Plaintiff disputed the accuracy of the information furnished by Ocwen to Experian.

13. Experian failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's dispute. Experian also failed to indicate within Plaintiff's credit report that Plaintiff disputes the aforementioned inaccurate information.

14. Upon Plaintiff's dispute of the inaccurate information, Experian failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit report.

15. In the alternative, Experian failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

16. Moreover, Ocwen was required to report the results of its investigation to the credit reporting agencies.

17. Ocwen was likewise required to delete and permanently block the incorrect reporting of its account from Plaintiff's credit profiles.

18. In failing to correct or delete Plaintiff's tradeline, Ocwen continued to report inaccurate information in violation of the FCRA.

19. In failing to revise or delete Plaintiff's tradeline, Ocwen provided misleading information on Plaintiff's credit report.

20. The acts and omissions of Defendants, and the other persons or entities employed as agents by Defendants, were committed within the time and space limits of their agency relationship with their principal.

21. The acts and omissions by Defendants, and the other persons or entities referenced herein, were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

22. By committing these acts and omissions against Plaintiff, Defendants and these other persons or entities were motivated to benefit their principal.

23. Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

## FIRST CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681e(b) against Experian]

24. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

25. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

26. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

27. Experian's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

28. As a result of the above-referenced violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

29. Plaintiff is entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

30. Plaintiff is informed and believes and therefore alleges that Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

///

///

///

## SECOND CLAIM FOR RELIEF

### [Violation of 15 U.S.C. § 1681i against Experian]

31.  Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

32.  Experian violated 15 U.S.C. § 1681i by failing to delete the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Ocwen, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has reason to know is unreliable.

33.  As a direct and proximate result of this conduct by Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

34.  Experian's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35.  Plaintiff is entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## THIRD CLAIM FOR RELIEF

### [Violations of the 15 U.S.C. § 1681s-2(b) against Ocwen]

36.  Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

37.  Ocwen violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Experian; by failing to properly investigate Plaintiff's dispute; by failing to review all relevant information regarding the same; by failing to accurately respond to the aforementioned credit reporting agencies in an accurate manner; by

failing to correctly report results on Plaintiff's credit file; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

38.     As a direct and proximate result of this conduct alleged herein, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental, emotional pain, anguish, humiliation, and embarrassment of credit denials.

39.     Ocwen's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits pursuant to 15 U.S.C. § 1681n. In the alternative, Ocwen was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

40.     As a result of Ocwen's violations, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

41.     Plaintiff is entitled to recover costs and attorneys' fees from Ocwen in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

42.     Plaintiff is informed and believes and therefore alleges that Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorneys' fees, costs, and interest incurred; and

///
///
///
///
///

5.    For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

DATED this 5th day of December, 2014.    **BLACK & LOBELLO**

/s/ *Kevin L. Hernandez*
MAXIMILIANO D. COUVILLIER III, ESQ.
Nevada Bar No.: 07661
KEVIN L. HERNANDEZ, ESQ.
Nevada Bar No. 12594
10777 W. Twain Avenue, Third Fl.
Las Vegas, Nevada 89135
***Attorneys for Plaintiff***